IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| MICHAEL HINTON,<br><br>    Plaintiff,<br><br>v.<br><br>BENNETT MOTOR EXPRESS, LLC, and MICHAEL WILLIAMS,<br><br>    Defendants. | CASE NO.: _____<br><br>Removed from Circuit Court of Tuscaloosa County, Alabama, CV-2022-900706 |

## NOTICE OF REMOVAL

COMES NOW Defendant Bennett Motor Express, LLC ("Defendant"), pursuant to 28 U.S.C. § 1332, hereby gives Notice of Removal of this action from the Circuit Court of Tuscaloosa County, Alabama, to the United States District Court for the Northern District of Alabama, Western Division. This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. As grounds for this removal, Defendants state:

**I.      RELEVANT BACKGROUND**

1.      Plaintiff Michael Hinton ("Plaintiff") filed this lawsuit on August 18, 2022, in the Circuit Court of Tuscaloosa County, Alabama. Plaintiff's Complaint

alleges the following counts against Defendants: Count I—Negligence; Count II—Wantonness; Count III—Negligence Per Se; Count IV—Negligent and Wanton Entrustment; and Count V—Negligent and Wanton Hiring, Training, Retention, and Supervision. (*See* Complaint—Exhibit A). The complaint also alleges Defendant Williams operated his vehicle "in such a negligent manner as to (a) cause said vehicle to collide with the vehicle in which Plaintiff [Hinton] was operating; and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the Plaintiff". (*See* Exhibit A). Plaintiff seeks damages "for the serious injuries of the plaintiff" and for "all compensatory damages, lost wages, court costs, and attorney's fees" in an unspecified amount for each separate Count. (*See* Exhibit A). Defendant Michael Williams has been named in Plaintiff's Complaint, but he has not been served as of the date of this filing. Defendant Bennett Motor Express, LLC was served on August 22, 2022. (*See* Exhibit B)[1]. This notice of removal is filed within thirty (30) days of service; therefore, removal is timely under 28 U.S.C. § 1446(b). The complete record in the Circuit Court of Tuscaloosa County, Alabama, as of the date of this removal, is attached. (*See* Exhibit C).

    2.    This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Western Division, which is within the district and division embracing the place where the state case was filed as required by § 1446(a).

---

[1] Defendant does not waive the defense of improper or insufficient service of process.

3. According to Plaintiff's Complaint, Plaintiff is over nineteen years old and a resident citizen of Pickens County, Alabama. (*See* Complaint at 1 ¶ 1). Upon information and belief, Plaintiff is a registered voter in Pickens County, Alabama. (*See* Exhibit D). Defendant Michael Williams is "a resident and citizen of Keystone Heights, Florida". (*See* Complaint at 2 ¶ 3). Defendant Bennett Motor Express, LLC was at the time of the incident, the time the complaint was filed, and is today a limited liability company organized under the state laws of Georgia, and has a principal place of business located in McDonough, Henry County, Georgia. (*See* Exhibit E).

4. Plaintiff's Complaint also names fictitious parties as defendants; however, as set forth in § 1441(b)(1), the possible domicile or location of those fictitious parties is not considered when determining whether complete diversity of citizenship exists.

## II. GROUNDS FOR REMOVAL

5. Defendant's removal to federal court is timely.

Section 1446(b)(1) allows a defendant thirty (30) days from receipt of service of the initial pleadings to remove a case. Plaintiff served Defendant Bennett Motor Express, LLC with a copy of the Summons and Complaint on August 22, 2022. Defendant Michael Williams has not been served as of the date of this filing. This

notice of removal is filed within thirty (30) days of service, as required by § 1446(b)(1); therefore, this removal is timely.

6. There is complete diversity of citizenship between the parties.

To determine the citizenship of a limited liability corporation for removal purposes, the Eleventh Circuit has held that "a limited liability company is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

Defendant Bennett Motor Express, LLC is incorporated under the laws of the state of Georgia with a principal place of business located in McDonough, Henry County, Georgia. None of Defendant Bennett Motor Express' members are citizens of Alabama. (*See* Exhibit E). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company…" *Id.* at 1022 (11th Cir. 2004). Defendants have established diversity of citizenship of all the members of the limited liability company. (*See* Exhibit E).

Plaintiff represents in his Complaint that he is a citizen of Pickens County, Alabama. (*See* Complaint at 1 ¶ 1). Plaintiff is a registered voter in Pickens County, Alabama. (*See* Exhibit D). Defendant Michael Williams has not been served as of the date of this filing. (*See* Exhibit C). Therefore, there is complete diversity.

7. The amount in controversy exceeds $75,000.

From the face of the Complaint, this Court may rely on "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings" and "judicial experience and common sense" to determine whether the amount in controversy requirement is satisfied. *Roe v. Michelin N. Am. Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010). Additionally, "when considering claims for punitive damages against large companies, it is clear that 'any award that is soundly and honestly calculated to punish and deter [a large company's] wanton behavior…would have to be substantial.'" *Pullum v. Ford Motor Co.*, No. 2:19-CV-210, 2019 WL 2578948, at *2 (M.D. Ala. June 21, 2019) (quoting *Roe v. Michelin N. Am. Inc.*, 637 F. Supp. 2d 995, 998 (M.D. Ala. 2009), aff'd, 613 F.3d 1058 (11th Cir. 2013)). Also, "[p]unitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases." *McKeel v. Hodum Trucking LLC*, No. 12-0079-CG-M, 2012 U.S. Dist. LEXIS 93781, at *8 (S.D. Ala. June 18, 2012). In determining whether the prerequisite for the jurisdictional amount in controversy is met, a court must consider a claim for punitive damages unless it is apparent to a legal certainty that such cannot be recovered. *Lowe's OK Used Cars, Inc. v. Acceptance Ins. Co.*, 995 F. Supp. 1388, 1389 (M.D. Ala. 1998).

Plaintiff's Complaint does not contain a specific allegation regarding the amount of his claimed damages. When a complaint does not state the amount in

controversy, a notice of removal may do so. 28 U.S.C. § 1466(c)(2)(A). Furthermore, a defendant need only make a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Company, LLC, et al. v. Owens*, 135 S. Ct. 547, 551 (2014) ("a statement 'short and plain' need not contain evidentiary submissions"). The most recent amendment to §1446 has been interpreted by at least one court as a clear statement of Congressional intent to slow down, if not prevent, federal courts from remanding diversity cases where there is no ad damnum clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000. *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333 (N.D. Ala. 2012). Otherwise, a "mini-trial would be required in every diversity case removed pursuant to 28 U.S.C. § 1446(c)(2)(A) and (B)." *Id*.

In *Pretka v. Kolter City Plaza II, Inc.*, the court states "[i]f the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and *may* [**25] require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1319 (11th Cir. 2001); *see also, e.g.*, 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.14[2][g], at 107-86.4 to 107-86.5 (3d ed. 2010) ("When determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the court will consider first whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If it is

not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied."). *Pretka,* 608 F.3d 744, 754 (11th Cir. 2010).

Plaintiff's Complaint seeks compensatory and punitive damages in an unspecified amount, and seeks punitive damages against Defendant Bennett Motor Express, LLC, a corporation. Plaintiff also claims he suffered serious injuries, damage to his vehicle "beyond reasonable repair" and lost wages. (*See* Complaint at 3, 4, 6, 7, and 9 ¶ 14, 17, 18, 25, 39, and 42). Plaintiff claims his medical bills related to this accident are over $15,000, and Plaintiff's most recent settlement demand is $115,000. (*See* Exhibit F). No information as to Plaintiff's claim of lost wages has been provided, but clearly, Plaintiff's attorney expects this case is worth more than the jurisdictional limit based on Plaintiff's most recent settlement demand.

Damage awards in Alabama personal injury cases routinely exceed the jurisdictional minimum.  See, e.g., *Pitt v. Century II, Inc.,* 631 So.2d 235 (Ala. 1993) (reinstating jury's $300,000 compensatory damages award to plaintiff's with leg and ankle injuries, $12,000 in medical, and 10% permanent impairment rating); *Sears, Roebuck and Co. v. Harris*, 630 So.2d 1018 (Ala. 1993) (remitting $750,000 compensatory award to plaintiff who suffered from carbon monoxide poisoning to $100,000, where hospital costs were only $1,962, and plaintiff had no permanent

health problems); *Precise Engineering, Inc. v. LaCombe*, 624 So.2d 1339 (Ala. 1993) ($2.7 million compensatory damages award for plaintiff injured in scaffolding accident held not excessive).

Plaintiff's Complaint alleges while Plaintiff and Defendant Williams both traveled southbound on a major interstate in Alabama, Defendant Williams "allowed and/or caused their *commercial* vehicle to collide with the Plaintiff's vehicle" (Emphasis added); (*See* Exhibit A at 2 ¶ 9). Allegedly, the impact from Defendant Williams' commercial vehicle was severe enough "to cause [Plaintiff's vehicle] to be damaged beyond reasonable repair, and…to cause serious injury to the plaintiff" (See Exhibit A at 5 ¶ 21). In a recent case involving allegations that an 18-wheeler rear ended a plaintiff in Marion County, Alabama, at a "high rate of speed", the Honorable L. Scott Coogler determined that the plaintiff's complaint, "on its face, demonstrates that the amount in controversy more likely than not exceeds $75,000." *Fuqua v. D&M Carriers, LLC*, 2019 WL 6918297 (N.D. Ala. Dec. 19, 2019). Citing *Roe*, Judge Coogler noted that "[t]o determine whether the face of the complaint establishes the jurisdictional amount, district courts may make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Id.* at *3.

Defendant Bennett Motor Express, LLC has made factual allegations that combined with reasonable deductions, reasonable inferences and reasonable extrapolations establish the amount in controversy in this case exceeds the

jurisdictional minimum. *Pretka,* 608 F.3d 774, 753-54 (11th Cir. 2010). While this Defendant denies that the Plaintiff is entitled to any recovery whatsoever, the amount in controversy exceeds $75,000, exclusive of interest and costs, as evidenced by the alleged injuries, lost wages, claims for punitive damages, and Plaintiff's latest settlement demand. Furthermore, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or [*14] the court questions, the defendant's allegation..." *Collinsworth v. Big Dog Treestand, Inc.*, No. 16-00208-KD-B, 2016 U.S. Dist. LEXIS 84123, at *13-14 (S.D. Ala. June 29, 2016). If Plaintiff contests Defendant's allegations that the requisite amount in controversy has been established, Defendant requests the opportunity for both sides to submit proof so that the court can decide, by a preponderance of the evidence, whether the requirement has been satisfied. *Dart*, 135 S. Ct. at 554.

8. No consent to remove this case is required.

Section 1446(b)(2)(A) is satisfied because there are only two defendants named in the above action, where one defendant, Michael Williams, has not been served. Therefore no consent to a removal is required from the non-served party. The "unanimity requirement only requires the joinder or consent of 'all defendants who have been properly joined and served' as of the time of removal to federal

court." *Barr v. Jefferson Cty. Barber Comm'n*, No. 2:16-CV-1340-VEH, 2016 U.S. Dist. LEXIS 160153, at *4 (N.D. Ala. Nov. 18, 2016). Besides Defendant Bennett Motor Express LLC, there are no other co-defendants who need to consent to the removal of this case.

### III.   CONCLUSION

A copy of this Notice of Removal and all pleadings served upon Defendants is attached and served upon all counsel of record. (*See* Exhibit C). By filing this Notice of Removal, Defendants do not waive any defenses that may be available to Defendants. There is complete diversity of citizenship between the parties, and this Court has original jurisdiction over this action based on diversity on citizenship and the amount in controversy pursuant to 28 U.S.C. § 1332, 1441, and 1446. If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to engage in limited jurisdictional discovery, (*See* Exhibit G), supplemental briefing, and oral argument in support of the proprietary of this Court's jurisdiction.

WHEREFORE, Defendants request that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; make the proper orders to achieve the removal of this case from the Circuit Court of Tuscaloosa County, Alabama to this Court; and exercise jurisdiction over this matter.

Respectfully submitted this the 21st day of September, 2022.

>/s/ Michael A. Vercher
>Michael A. Vercher (asb-4976-h32m)
>Attorney for Defendant

**OF COUNSEL:**
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Phone: (205) 795-6588
Facsimile: (205) 328-7234
Email: mavercher@csattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following; and I hereby certify that I have mailed by United States Postal Service the document to any non-CM/ECF participants:

Stacy C. Hansen, Esq.
Slocumb Law Firm, LLC
3500 Blue Lake Drive; Suite 450
Birmingham, AL 35243

>/s/ Michael A. Vercher
>OF COUNSEL