FILED
2022 Sep-22 PM 12:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
8/18/2022 4:59 PM
63-CV-2022-900706.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT FOR TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| **MICHAEL HINTON,** | |
| Plaintiff, | |
| v. | Case No.: CV - 2022 - _____ |
| **BENNETT MOTOR EXPRESS, LLC, MICHAEL WILLIAMS,** and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## COMPLAINT

This is an action by Plaintiff, Clarence Swift, III (herein after referred to as "Plaintiff"), against Defendant, Bennett Motor Express, LLC (herein after referred to as "Defendant Bennett"), and Michael Williams (herein after referred to as "Defendant Williams"), for personal injuries and other damages sustained by Plaintiff, as the result of a motor vehicle collision that occurred on or about October 16, 2020.

### PARTIES, JURISDICTION, VENUE

1) Plaintiff was a resident and citizen of Pickens County, Alabama at all times material to the issues in this case.

2) Upon information and belief, Defendant Bennett is a foreign Corporation, doing business in Tuscaloosa County, Alabama, at all times material to the issues in this case. Defendant

1

Bennett may be served through its registered agent, Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, AL 36104.

3) Upon information and belief, Defendant Williams is a resident and citizen of Keystone Heights, Florida, all times material to the issues in this case and an employee and/or agent of Defendant Bennett and was doing business for said Defendant Bennett, Alabama at all times material to the issues in this case. Defendant Williams is being sued in both their official and individual capacities.

4) Fictitious Defendant "A", "B", and "C", are those persons or entities whose names will be substituted upon learning their true identities.

5) The motor vehicle accident that gives rise to this complaint occurred in Tuscaloosa County, Alabama.

6) Venue is proper in Tuscaloosa County, Alabama.

## FACTUAL BACKGROUND APPLICABLE TO ALL COUNTS

7) On or about October 16, 2020, Plaintiff was traveling southbound on I-59, in Tuscaloosa County, Alabama.

8) At said time and place, Defendant Williams was traveling southbound on I-59, in Tuscaloosa County, Alabama.

9) At said time and place, Defendant Williams, allowed and/or caused their commercial vehicle to collide with the Plaintiff's vehicle.

10) At the time of the collision, Defendant Williams was an employee and/or agent of Defendant Bennett and was operating under the appropriate scope and authority of his employment and/or agency of said Defendant Bennett, at all times material to the issues in this cause of action.

11) Plaintiff suffered substantial injuries as a proximate consequence of the negligence and/or wantonness of Defendant and/or Fictitious Defendants.

## COUNT ONE - NEGLIGENCE

12) The Plaintiff in this Count is Plaintiff Hinton. The Defendants in this Count are Defendant Bennett and Defendant Williams, individually.

13) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 12 hereinabove as fully and completely as if the same were set forth verbatim herein.

14) At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant Bennett, Defendant Williams operated said vehicle in such a negligent manner as to (a) cause said vehicle to collide with the vehicle in which Plaintiff Swift was operating, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the plaintiff.

15) In causing said vehicle to crash into the vehicle in which Plaintiff was operating, Defendant Bennett's agent and/or employee, Defendant Williams:

    (a) Negligently failed to exercise ordinary care.

    (b) Negligently failed to keep a proper look out.

    (c) Negligently failed to maintain proper control of said vehicle.

    (d) Negligently failed to yield the motor vehicle in which Plaintiff was operating.

    (e) Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

16) The Plaintiff avers that the acts and conduct of Defendant Bennett's agent and/or employee, Defendant Williams on said occasion constitutes common law negligence. The

Plaintiff further avers that the acts and conduct of the said Defendant Williams on said occasion were in violation of one or more of the Rules of the Road for the State of Alabama.

17) As the proximate consequence of said negligence, Defendant Bennett's agent and/or employee, Defendant Williams, (a) in violating said statutes, and (b) in colliding with the vehicle in which plaintiff was operating, the Plaintiff was caused to sustain serious injuries.

18) The Plaintiff avers that said negligent acts and conduct of the said Defendant Williams on said occasion are imputed to Defendant Bennett, and Defendant Bennett and Defendant Williams, are jointly and severally liable for the serious injuries of the plaintiff, as a result of said negligent acts and conduct of the said Defendant Williams.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT TWO - WANTONESS

19) The Plaintiff in this Count is Plaintiff Hinton. The Defendants in this Count are Defendant Bennett and Defendant Williams, individually.

20) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of Paragraphs 1 through 19 hereinabove as fully and completely as if the same were set forth verbatim herein.

21) At said time and place, while acting in the line and scope of their employment and/or agency as the employee and/or agent of Defendant Bennett, Defendant Williams operated said vehicle in such a reckless and wanton manner as to (a) cause said vehicle to collide with the

vehicle which plaintiff was operating, and (b) to cause said vehicle to be damaged beyond reasonable repair, and (c) to cause serious injury to the plaintiff.

22) In causing said vehicle to crash into the vehicle in which Plaintiff was operating, Defendant Bennett's agent and/or employee, Defendant Williams:

(a) Recklessly and Wantonly failed to exercise ordinary care.

(b) Recklessly and Wantonly failed to keep a proper look out.

(c) Recklessly and Wantonly failed to maintain proper control of said vehicle.

(d) Recklessly and Wantonly failed to yield to the motor vehicle in which Plaintiff was operating.

(e) Otherwise acted in reckless and wanton disregard of the rights and safety of the Plaintiff and others traveling on said public highway at said time and place.

23) The Plaintiff avers that the acts and conduct of Defendant Bennett's agent and/or employee, Defendant Williams on said occasion constitute statutory recklessness and wantonness. The Plaintiff further avers that the acts and conduct of the said Defendant Williams on said occasion were in violation of one or more of the Rules of the Road for the State of Alabama.

24) As the proximate consequence of said recklessness and wantonness of Defendant Bennett's agent and/or employee, Defendant Williams, (a) in violating said statutes, and (b) in colliding with the vehicle in which plaintiff was operating, Plaintiff was caused to sustain serious injuries.

25) The Plaintiff avers that said reckless and wanton acts and conduct of the said Defendant Williams, on said occasion, are imputed to Defendant Bennett, and Defendant Bennett and

Defendant Williams, are jointly and severally liable to for the serious injuries, as a result of said reckless and wanton acts and conduct of the said Defendant Williams.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT THREE- NEGLIGENCE PER SE

26)   The Plaintiff in this Count is Plaintiff Hinton. The Defendants in this Count are Defendant Bennett and Defendant Williams, individually.

27)   Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 26 hereinabove and all of the factual averments of Count One and Count Two hereinabove as fully and completely as if the same were set forth verbatim herein

28)   At said place and time, there were in force certain laws, statutes and/or ordinances that were designed to prevent the injuries sustained by Plaintiff.

29)   Defendant Williams violated said laws, statutes and/or ordinances in the operation of the vehicle that directly resulted to the injuries sustained by Plaintiff.

30)   Plaintiff is included in the class of people the laws, statutes and/or ordinances were intended to protect.

WHEREFORE, the Plaintiff demands judgment against Defendant Williams for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT FOUR- NEGLIGENT AND WANTON ENTRUSTMENT

31) The Plaintiff in this Count is Plaintiff Hinton. The Defendant in this Count is Defendant Bennett.

32) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 31 hereinabove and all of the factual averments of Count One, Count Two, and Count Three hereinabove as fully and completely as if the same were set forth verbatim herein

33) The Plaintiff avers that on the occasion made the basis of this case, Defendant Bennett negligently, recklessly and wantonly entrusted said vehicle to the said Defendant Williams; that the said Defendant Williams; was unsuitable, based upon his habitual carelessness and disposition and temperament, to have said vehicle entrusted to him; and that Defendant Bennett knew, or by the exercise of reasonable care should have known, that the said Defendant Williams; was unsuitable to have said vehicle entrusted to them.

34) The Plaintiff further avers that said negligent and wanton entrustment of said vehicle to the said Defendant Williams; (a) is combined with the negligent, reckless and wanton acts and conduct of the said Defendant Williams; and (b) is a concurrent, proximate cause of the Plaintiff's injuries and damages.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees, to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT FIVE- NEGLIGENT AND WANTON HIRING, TRAINING, RETENTION, and SUPERVISION

35) The Plaintiff in this Count is Plaintiff Hinton. The Defendant in this Count is Defendant Bennett.

36) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 35 hereinabove and all of the factual averments of Count One, Count Two, Count Three, and Count Four hereinabove as fully and completely as if the same were set forth verbatim herein.

37) The Plaintiff avers that Defendant Bennett, hired, trained, retained and supervised Defendant Williams, as a driver for a commercial vehicle.

38) The Plaintiff avers that the Defendant Bennett:

  (a) Acted in a negligent, reckless and wanton manner in hiring Defendant Williams, as a commercial vehicle driver,

  (b) Acted in a negligent, reckless and wanton manner in retaining Defendant Williams, as a commercial vehicle driver,

  (c) Acted in a negligent, reckless and wanton manner in failing to properly train and monitor and supervise Defendant Williams, as a commercial vehicle driver, and

  (d) Acted in a negligent, reckless and wanton manner in failing to instill in Defendant Williams qualities of suitability, fitness, habits, disposition, temperament, and trustworthiness to accomplish the tasks and responsibilities which said Defendant Bennett entrusted to Defendant Williams, as a commercial vehicle driver on the public highways of Alabama and other states.

39) The Plaintiff further avers that the serious injuries of the plaintiff are the proximate results of said negligence and wantonness of Defendant Bennett in the hiring, training, retention, monitoring, and supervision of the said Defendant Williams, as a commercial vehicle driver on the public highways of Alabama and other states.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, for all compensatory damages, lost wages, court costs, and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

## COUNT SIX – FICTITIOUS DEFENDANTS

40) The Plaintiff in this Count is Plaintiff Hinton.

41) Plaintiff re-alleges, adopts, and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 40 hereinabove and all of the factual averments of Count One, Count Two, Count Three, Count Four, and Count Five hereinabove as fully and completely as if the same were set forth verbatim herein.

42) Fictitious Defendants "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton reckless and wrongful conduct contributed to cause the serious injuries of the plaintiff, of all of whose true and correct names are unknown to Plaintiff at this time, but will be substituted by amendment when ascertained.

WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

**A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS**

This August 18, 2022.

                                              Respectfully submitted,

                                              */s/ Stacy C. Hansen*
                                              STACY C. HANSEN (HAN080)
                                              ATTORNEY FOR THE PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
3500 Blue Lake Drive, Ste. 450
Birmingham, AL 35243
Tel. No.  (205) 951-9750
Fax No.  (888) 853-2247

**REQUEST FOR SERVICE OF PROCESS**

The Plaintiff hereby requests that the Summons and Complaint in this case be served on the following Defendants by Certified Mail at her respective mailing address as follows:

**Michael Williams**
6420 County Rd. 214
Keystone Heights, Florida 32656

**Bennett Motor Express, LLC**
Registered agent: Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL 36104.

                                              */s/ Stacy C. Hansen*
                                              STACY C. HANSEN
                                              OF COUNSEL